18539

H. W. McCREIGHT, Appellant, v. Ellis C. MacDOUGALL, Director, Department of Corrections, State of South Carolina, Respondent

(149 S. E. (2d) 621)

*Messrs. W. L. Cooper, Jr.,* of Lexington, and *Hubert H. Powell, Jr.,* of West Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Edward B. Latimer, Assistant Attorney General,* of Columbia, *for Respondent,*

July 27, 1966.

LEWIS, Justice.

This is an appeal by the defendant from an order of the lower court denying his petition for a writ of *habeas corpus*. The defendant was convicted in November 1962 of the murder of his wife and sentenced to imprisonment for life. He contends that his present detention in the South Carolina State Penitentiary under the aforesaid sentence is illegal because of the use in his trial of statements and evidence obtained from him by the officers in violation of his constitutional rights.

Mrs. Gloria McCreight, the wife of the defendant, was found dead on July 17, 1962, in bed, in the home occupied by her and the defendant. She died from a gunshot wound in the forehead and had been dead aproximately twelve hours when found. The defendant was arrested without a warant in a hotel room in Augusta, Georgia, at 12:55 A.M., on July 19, 1962, by uniformed police officers of the City of Augusta. The officers were admitted to defendant's hotel room in response to knock on the door by them. Upon entrance, they informed defendant that they had a "pick-up notice on him." After checking the room to see if there was anyone else there, defendant was asked "if he had been in any kind of trouble," to which he replied: "I killed my

wife in Greenwood yesterday." At the same time, in response to an inquiry by the officers as to the whereabouts of the gun, defendant informed them that it was in the glove compartment of his car and told them where the car was located. The officers subsequently, without a search warrant, removed the gun from the car. It was the opinion of one of the officers that the defendant was "heavily intoxicated" when he was arrested.

The defendant was placed in the Augusta City jail and later returned to Greenwood, South Carolina, after appearing with his counsel before a judge in Augusta and waiving extradition. He employed counsel in Greenwood to represent him and, upon an application for bail, his counsel filed an affidavit, signed by defendant, setting forth defendant's version of the circumstances surrounding the death of his wife. In this affidavit, defendant stated that, while loading his pistol before leaving home for Augusta, it accidentally discharged killing his wife; and that, when he realized what had happened, he "became blank" and remembered nothing until the officers knocked on the door of his hotel room in Augusta.

The defendant was tried on November 7 and 8, 1962, at Greenwood, South Carolina, upon an indictment charging him with the murder of his wife. During the trial, testimony was admitted, without objection, as to the statement allegedly made by defendant at the time of his arrest that "I killed my wife in Greenwood yeserday." The pistol obtained by the officers in Augusta from defendant's car without a search warrant was also admitted in evidence without objection. The defendant took the stand and testified in his own behalf, contending that his wife's death resulted from the accidental discharge of the gun. He admitted that the pistol placed in evidence was the death weapon and that it discharged while in his hands. His version on the witness stand of the incidents surrounding his wife's death was substantially the same as those set forth in the pretrial

affidavit signed by him for the purpose of application for bail.

The defendant now contends that his conviction should be set aside because of the admission in evidence of (1) the statement made by him at the time of his arrest and (2) the gun procured by the officers from his car. He attacks the admissibility of the statement upon the grounds that it was made while he was illegally detained without a warrant or probable cause, and without his being advised of his right to counsel or his right to remain silent. It is contended that the gun should not have been admitted in evidence because it was obtained by the officers as a result of a search of defendant's car without first having obtained a search warrant.

The defendant's petition for a writ of *habeas corpus* was properly refused. He was represented at the trial by employed counsel of his choice and of unquestioned ability. No objection was made to the testimony when offered and the first complaint concerning its admissibility was in his petition for *habeas corpus* filed approximately three years later.

Assuming but not deciding that the evidence in question was illegaly obtained, such evidence was introduced without objection, and any objection that defendant might have had was thereby waived (*State v. Robinson,* 238 S. C. 140, 119 S. E. (2d) 671; *State v. Alexander,* 230 S. C. 195, 95 S. E. (2d) 160; *State v. Maxey,* 218 S. C. 106, 62 S. E. (2d) 100; *State v. Warren,* 207 S. C. 126, 35 S. E. (2d) 38; *State v. Wardlaw,* 153 S. E. 175, 150 S. E. 614) ; and, having been waived, affords no ground for *habeas corpus.* (*Tyler v. State,* 247 S. C. 34, 145 S. E. (2d) 434; *Welch v. MacDougall,* 246 S. C. 258, 143 S. E. (2d) 455; *Dunek v. District Court of Lee County, Iowa,* 140 N. W. (2d) 372; *Shaw v. Utecht,* 232 Minn. 82, 43 N. W. (2d) 781; *Johnson v. Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461, 146 A. L. R. 357).

Affirmed.

Moss, C. J., BUSSEY and BRAILSFORD, JJ., and LIONEL K. LEGGE, Acting Associate Justice, concur.