19056

The STATE, Respondent, v. Gilbert THOMPSON, Appellant.

(174 S. E. (2d) 604)

*H. E. McCaskill, Esq.,* of Conway, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General* and *Emmet H. Clair* and *John P. Wilson, Assistant Attorneys General,* of Columbia, and *J. M. Long, Jr., Solicitor,* of Conway, *for Respondent,*

May 26, 1970.

BRAILSFORD, Justice.

The defendant, Gilbert Thompson, was indicted at the October, 1966, term of the Court of General Sessions for Horry County for the murder of one Donald Lykes. He was convicted of manslaughter and sentenced to imprisonment for a term of ten years. He appeals to this court, charging that the trial court erred in permitting the solicitor to cross examine him concerning statements which he made to a deputy sheriff while in custody on the night of the homicide and before he had the benefit of counsel or was properly advised of his rights.

On the night of the homicide and at the trial, the defendant readily admitted that it was he who fired the fatal shot. The cross examination now complained of was as to details of statements then made by the defendant to the deputy which the solicitor conceived to be inconsistent with his testimony at the trial.

The defendant handled himself well under the solicitor's questioning, which resulted in no significant admissions. On the entire record, it would be difficult to find prejudice to the defendant even if legal error were shown. However, this is not the case. The defendant was represented at the

trial by experienced counsel of his own choice who, during the State's case in chief, cross examined the deputy sheriff about what the defendant had told him, and made no timely objection to the solicitor's later cross examination of the defendant on the same subject. The cross examination now complained of having been conducted without objection, any objection which might have been appropriately interposed thereto was waived. *McCreight v. MacDougall,* 248 S. C. 222, 149 S. E. (2d) 621 (1966), and authorities therein cited. The only exception argued in the brief is, therefore, without merit.

The defendant has been ably represented on this appeal by appointed counsel who did not participate at the trial.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.