19400

The STATE, Respondent, v. Simpson Eugene SHAW et al., Appellants
(188 S. E. (2d) 186)

*Messrs. R. Kirk McLeod, Sol.,* and *Robert W. Burkett, Asst. Sol.,* of Sumter, *for Respondent,* ▮

*Messrs. James M. Connor,* and *William E. Jenkinson,* of Kingstree, and *Matthew J. Perry,* of *Jenkins, Perry & Pride,* Columbia, *for Appellants,* ▮

April 19, 1972.

Lewis, Justice.

Appellants, Simpson Eugene Shaw, Truman Michum, and Eugene James, were jointly indicted for rape and assault and battery of a high and aggravated nature. Shaw and Mitchum were convicted of rape with a recommendation of mercy, each receiving a sentence of twenty-five (25)

years. James was convicted of assault and battery of a high and aggravated nature and received a sentence of ten (10) years. All have appealed, assigning error in the admission into evidence of certain articles seized by the officers during their investigation of the crime and the refusal of the trial judge to direct a verdict of not guilty.

The prosecutrix testified that, while she was walking from a nightclub to her home, late at night, the three appellants, riding in the automobile of appellant Shaw, stopped and forced her into the vehicle. She was then taken to a secluded area where, according to her statement, she was raped by all of the appellants. She was subsequently put out of the automobile in the early morning hours without her slacks. There was also testimony that appellant Mitchum threatened her with a pistol and that appellant James also had a weapon. She also testified that, after she left the automobile, appellant James caught hold of her hand in an attempt to further molest her, and that she pulled away from him and ran to her aunt's house. She reported the incident to the officers within a few hours thereafter.

After the prosecutrix reported the crime, an officer went to the home of appellant Shaw to arrest him. While there, the officer looked into Shaw's automobile and saw, in plain view, the missing slacks of the prosecutrix and a wallet belonging to appellant Mitchum, which he seized. Subsequently, an officer went to the home of James and, with the cooperation of James' parents, obtained a .22 calibre pistol. Neither officer had a search warrant when the slacks, wallet, and pistol were seized. All of these items were admitted in evidence at the trial. Appellants contend that, since these articles were obtained by the officers without a search warrant, their seizure was illegal and were therefore inadmissible in evidence.

> The pistol in question was admitted in evidence without objection. Since timely objection at the trial was not made to its admission, appellants waived

their right to raise the question on appeal. *McCreight v. MacDougall,* 248 S. C. 222, 149 S. E. (2d) 621.

Assuming, as contended, that the remaining articles ■ (the slacks and wallet) were illegally seized, no legal prejudice resulted to appellants from their admission. The presence of the slacks of the prosecutrix in Shaw's automobile and the presence of Mitchum's wallet in the vehicle with the slacks inferably placed Shaw and Mitchum with the prosecutrix on the occasion in question. This was all that the introduction of these items tended to establish. Subsequently, both testified and admitted that they were present and had sexual relations with the prosecutrix, but claimed that it was with her consent. Appellant James admitted that he was there, but denied that he molested her. Appellants therefore freely admitted everything that the introduction of these items established and no prejudice could have resulted from their admission in evidence.

The further contention of appellants that the trial judge erred in refusing to direct a verdict of not guilty is without merit. They concede that the testimony upon the issues affecting guilt was in conflict, but argue that it did not reach the degree of persuasion required in criminal cases, that is, beyond a reasonable doubt.

The conflicting evidence presented factual issues as ■■ to the guilt of appellants. These issues were properly submitted to the jury for determination and this Court has no authority to weigh the conflicting testimony to determine whether, in its view, the jury properly concluded that the guilt of appellants was established beyond a reasonable doubt. The weight to be accorded the testimony was for the jury to determine and not this Court.

Judgment affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD, and LITTLEJOHN, JJ., concur.