## 19622

John Marvin ASHLEY, Appellant, v. The STATE of South Carolina, Respondent

(196 S. E. (2d) 501)

*Gerald R. Clay, Esq.,* of Abbeville, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair and Robert M. Ariail, Asst. Attys. Gen.,* of Columbia *for Respondent,*

May 8, 1973.

LEWIS, Justice:

Appellant was convicted of reckless homicide. He did not file an appeal but subsequently petitioned for post conviction relief. This petition was denied and he has appealed.

It appears from the Transcript of Record and unchallenged factual statements in respondent's brief that appellant was convicted on May 5, 1971 of reckless homicide and received a sentence of five years. On July 18, 1972 an undated application for post conviction relief, signed by appellant, was filed with the Clerk of Court for Abbeville County and forwarded to respondent. The relief sought was a new trial and, if denied, that appellant be released on bond pending an appeal. Attached to the application was an order of the lower court, dated July 17, 1972, denying the application for post conviction relief, but admitting appellant to bail pending appeal to this Court. Appellant's petition was submitted to the lower court, *ex parte,* and respondent received no notice of the proceedings prior to the issuance of the order of July 17th. This appeal is from so much of the order of July 17th as denies the application for post conviction relief.

The appeal record consists of the transcript of the trial proceedings, the arrest warrant, indictment, petition for post conviction relief, and the order under appeal.

While the petition of appellant was dismissed by the lower court without an evidentiary hearing, no contention is made

that a hearing should have been held, or that appellant desires to make any further factual showing in support of any allegations of his petition. Neither does he seek to allege any further error in his trial and we therefore assume that he has asserted, with the advice of his retained counsel, all grounds for relief available to him. The appeal is therefore decided on its merits.

The petition of appellant and his exceptions to this Court allege four grounds for relief. These are:

(1) Appellant was not the driver of the car at the time of the collision;

(2) No testimony was presented at the trial to show the cause of the collision or the degree of negligence of the driver of the car as required by Section 46-341, 1962 Code of Laws;

(3) Appellant was tried in a prejudicial atmosphere and therefore did not receive a fair trial; and

(4) Prejudicial error was committed by the State's reference in the cross-examination of appellant to a previous, unrelated accident in which appellant was allegedly involved.

The first and second grounds relate to the sufficiency of the evidence to support the conviction and are not available to appellant in this proceeding. Section 17-601 (a) (6), Supplement to 1962 Code. However, even if available, they could not be sustained, since the record amply sustains appellant's conviction of reckless homicide.

The third ground alleges that appellant was "tried in an atmosphere permeated with prejudice and passions and was therefore denied a trial by a fair and impartial jury." Neither the petition nor the record contain any facts to support these allegations, and they were properly dismissed. In addition, while the allegations are made in the petition, the question is not preserved by any exception on appeal and is not referred to in appellant's brief. It may, therefore, properly be considered as abandoned.

The fourth ground seeks to challenge the admissibility of evidence introduced at the trial. Appellant was represented at his trial by counsel and the evidence, here questioned, was introduced without objection. Any objection that appellant might have had was thereby waived; and, having been waived, affords no ground for post conviction relief. *McCreight v. MacDougall,* 248 S. C. 222, 149 S. E. (2d) 621.

Judgment is accordingly affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.