19785

Jacob D. PEYTON, Jr., Appellant, v. J. W. STRICKLAND, Warden, South Carolina Central Correctional Institution, Respondent.

(203 S. E. (2d) 388)

*Edna Smith,* of Columbia, *for Appellant,*

212

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair* and *Robert M. Ariail, Asst. Attys. Gen.,* of Columbia, *for Respondent,*

March 6, 1974.

LITTLEJOHN, Justice:

This is an appeal from an order of the circuit court denying and dismissing the petition of appellant Jacob D.

Peyton, Jr., for post-conviction relief under the Uniform Post-Conviction Procedure Act, S. C. Code § 17-601 *et seq.* (Cum. Supp. 1973).

Peyton was tried upon an indictment charging him with the murder of his wife. He was found guilty by a jury of the lesser offense of voluntary manslaughter and received a sentence of twelve years. After his incarceration in the Central Correctional Institution, Peyton filed a petition for a writ of *habeas corpus* in the court below, in response to which the respondent filed a return and a motion to dismiss. A hearing was conducted, pursuant to which the circuit judge issued an order denying and dismissing the petition. Peyton's exceptions to this court allege four grounds for relief, which are as follows:

(1) The trial court erred in failing to rule that the testimony of his eight-year-old stepson, Reginald Brown, was inadmissible because of the witness' incompetency;

(2) The trial court erred in instructing the jury the law of voluntary manslaughter;

(3) The trial court erred in refusing to send the jury to view the scene of the crime; and

(4) The State failed to prove a *prima facie* case against him.

Prior to the time the child-witness, Reginald Brown, was administered the oath, counsel for both sides examined him in order to ascertain his competency to testify. Pursuant to this preliminary examination the trial judge determined the witness to be competent and allowed him to be sworn and testify. Reginald was then examined by the solicitor and fully cross-examined by counsel for Peyton. At no point was any objection relative to his competency interposed on Peyton's behalf; to the contrary, at one point during direct examination of Reginald, defense counsel stated, "I think he has demonstrated that he is keenly aware of things in his answers." Any objection

that Peyton might have had to the admissibility of the evidence here questioned on the ground of the witness' incompetency was thereby waived and, such being the case, affords no basis for post-conviction relief. See *Ashley v. State,* 260 S. C. 436, 196 S. E. (2d) 501 (1973); *State v. Steadman,* 257 S. C. 528, 186 S. E. (2d) 712 (1972); *State v. Scott,* 17 S. C. L. 270 (1829).

The question of the competency of a child-witness rests largely in the sound discretion of the trial court. *Wheeler v. United States,* 159 U. S. 523, 16 S. Ct. 93, 40 L. Ed 244 (1895); 97 C. J. S. Witnesses § 58 (1957). Even if the question was properly before this Court, there was no abuse of discretion in this instance.

The second exception relates to the trial judge's instructions to the jury. The record reflects that after the trial judge had delivered his charge permitting a verdict of guilty of voluntary manslaughter, he temporarily excused the jury and gave counsel an opportunity to object to the charge as made or to request additional instructions in accordance with § 10-1210 of the Code (1962). No objection to the charge permitting a verdict of guilty of voluntary manslaughter was made.

In cases too numerous to cite, found in the annotation to the foregoing section and in 7A South Carolina Digest Criminal Law Key No. 847 (1971, Cum. Supp. 1973), it has been held that the failure of a defendant to object to the charge as made or to request additional instructions, when the opportunity to do so is afforded, constitutes a waiver of any right to complain of errors in the charge. At any rate, however, in light of the testimony of Reginald Brown to the effect that Peyton and the deceased were quarreling just prior to the shooting, it would appear that instructions with respect to the lesser, included offense of murder (voluntary manslaughter) were entirely proper.

As to the third exception, it is provided in § 38-302 of the Code (1962), in pertinent part, as follows:

"The jury in any case may, at the request of either party be taken to view the place or premises in question or any property, matter or thing relating to the controversy between the parties when it appears to the court that such view is necessary to a just decision . . . ." In *State v. Spinks,* 260 S. C. 404, 196 S. E. (2d) 313 (1973), we held "Under the foregoing statute, it is discretionary with the Trial Judge whether he will allow the jury to view the place, and, in the absence of abuse of discretion, this Court will not interfere."

The scene of the crime was fully described by witnesses presented by both sides and a diagram thereof was made. Furthermore, the trial judge found as a matter of fact that since the commission thereof the scene had been altered. Under these circumstances, we find no abuse of discretion in refusing Peyton's motion to permit the jury to view the place of the crime.

The fourth exception seeks to challenge the sufficiency of the evidence to support the conviction and is not available to Peyton in this proceeding. South Carolina Code § 17-601(a)(6) (Cum. Supp. 1973). Even if available, however, it could not be sustained since the record amply sustains his conviction of voluntary manslaughter.

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.