Benjamin Kenneth GORE, Appellant,

v.

William D. LEEKE, and the Attorney General of the State of South Carolina, Appellees.

No. 78–6600.

United States Court of Appeals, Fourth Circuit.

Argued July 11, 1979.

Decided Sept. 12, 1979.

Philip S. Porter, Third Year Law Student (Randall M. Chastain, Columbia, S. C., University of South Carolina Law Center, on brief), for appellant.

Emmet H. Clair, Deputy Atty. Gen., Columbia, S. C. (Daniel R. McLeod, Atty. Gen., Columbia, S. C., on brief), for appellees.

Before RUSSELL, Circuit Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.

FIELD, Senior Circuit Judge:

Convicted of felony-murder in the General Sessions Court of Beaufort County, South Carolina, Benjamin Kenneth Gore applied for post-conviction relief in the state court. After a full hearing, relief was denied and such denial was affirmed by the Supreme Court of South Carolina. *Gore v. Leeke*, 261 S.C. 308, 199 S.E.2d 755 (1973). Thereafter Gore filed a petition for habeas corpus in the District Court of South Carolina, asserting substantially the same grounds as those in his state petition. The district court denied relief and Gore has appealed.

Briefly stated, the factual background is as follows:. On August 15, 1969, the home of John Lawson in Beaufort County, South Carolina, was entered and several items of value were taken. According to the state's evidence, two of Gore's co-defendants as well as Gore's automobile were seen at the Lawson home. Law officers were alerted and later gave chase to Gore's automobile which collided with another motor vehicle at a stop light. Gore and one co-defendant fled into a large wooded area, but the other co-defendant appropriated a vehicle and exchanged fire with the officers, killing one of them. Gore and his two co-defendants were indicted for the crime of felony-murder and, among other defenses, Gore contended that the homicide was an independent, separate and individual act committed by his co-defendant after the abandonment of the common plan or criminal design which had brought Gore and his co-defendants together. In seeking post-conviction relief in the state court, as well as his federal petition, Gore urged that the trial court's jury charge on the issue of abandonment improperly placed the burden of proof upon him and denied him due process of law. This is the primary issue presented by this appeal.

In charging the jury on the issue of abandonment of criminal design, the trial judge made the following statement:

> "But in that regard, ladies and gentlemen, you must conclude beyond a reasonable doubt that his act [the man actually doing the shooting] in so doing was an independent, separate and individual act and was not part of the common plan or design which brought them [the co-defendants] together at the inception."

It is this language of the trial court which Gore contends impermissibly placed upon him the burden of proving beyond a reasonable doubt that the act of his co-defendant was separate and independent from the common design.

In considering this issue in Gore's post-conviction appeal, the Supreme Court of South Carolina conceded that the challenged language was inaccurate, but held that in the context of the instructions in their entirety, the burden of proof was properly allocated to the State. In rejecting Gore's contention, the Court stated:

> "[H]e takes a phrase, out of context, contained in the trial judge's charge on the

law of abandonment of a criminal scheme and argues that such was prejudicial and erroneous. While the challenged phrase was inaccurate, particularly when considered out of context, when it is read in context and in conjunction with the charge in its entirety, we are not convinced that there was any probability of the jury having understood the same in any sense prejudicial to the rights of Gore. Actually, it was given in conjunction with charges requested by counsel for Gore, who obviously detected nothing inaccurate or prejudicial therein as he interposed no objection to such charge."

199 S.E.2d, *supra*, at 759.

The district court reached a similar conclusion with respect to this isolated portion of the charge and we think properly so. In the trial court's charge, which runs some thirty-seven typewritten pages, the jury was repeatedly instructed that the state was required to prove Gore's guilt beyond a reasonable doubt and that this burden upon the state applied to every element of the offense. In *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973), we were admonished "that a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." The proper analysis, the Court said, "is not whether the trial court failed to isolate and cure a particular ailing instruction, but rather whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Viewed in this light, we agree with the district court and the Supreme Court of South Carolina that the challenged language in the trial court's instructions did not render Gore's conviction constitutionally invalid.

An additional basis for denying relief is found in the fact that Gore's trial counsel raised no objection to the instruction. The law is firmly established in South Carolina that the failure to object to a charge constitutes a waiver of any right to complain on appeal of an alleged error in the charge. *State v. Williams*, 266 S.C. 325, 223 S.E.2d 38 (1976). Such a failure to

object also bars collateral relief. *Ashley v. State*, 260 S.C. 436, 196 S.E.2d 501 (1973). *McCreight v. MacDougall*, 248 S.C. 222, 149 S.E.2d 621 (1966). In view of the well established contemporaneous objection rule in South Carolina, Gore's application for federal relief on the basis of the jury charge was foreclosed under the principle of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Since we discern no merit in the other issues raised by Gore on this appeal, the judgment of the district court denying habeas corpus relief is affirmed.

*AFFIRMED.*