989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marlon GREEN, a/k/a Carroll Benns, Defendant-Appellant.
 No. 92-5170.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 10, 1993
Decided: March 26, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge; Herbert N. Maletz, Senior Judge, sitting by designation. (CR-91-221-HM)
 Steven M. Levy, Clinton, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, W. Warren Hamel, Assistant United States Attorney, Jefferson M. Gray, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 VACATED AND REMANDED.
 Before HALL, PHILLIPS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Marlon Green was convicted by a jury of bank robbery (18 U.S.C.A. § 2113(a), (f) (West Supp. 1992)), assault during a bank robbery (18 U.S.C.A. § 2113(d), (g) (West 1984 & Supp. 1992)), use of a firearm in a crime of violence (18 U.S.C.A.s 924(c) (West Supp. 1992)), and escape (18 U.S.C. § 751(a) (West Supp. 1992)). Two additional counts of bank robbery and assault during a bank robbery which arose from a separate robbery but were charged in the same indictment were severed before Green's trial. After his conviction, Green entered guilty pleas to these counts. He received a career offender sentence of 262 months for the two bank robberies and the escape, and a consecutive five-year sentence for thes 924(c) conviction. He appeals the career offender sentence, contending that the district court erred in calculating the final offense level. We vacate Green's sentence and remand for resentencing.
 
 
 2
 The probation officer recommended a reduction for acceptance of responsibility because Green admitted all his criminal conduct when he was interviewed. The probation officer applied the multiple count rules of Chapter Three, Part D of the sentencing guidelines[1] to arrive at a final career offender offense level of thirty-two.
 
 
 3
 The government objected. It agreed that Green had accepted responsibility for the robbery to which he pleaded guilty, but did not think he deserved a reduction for the counts on which he went to trial. The government argued at Green's sentencing that the adjusted offense level for each robbery group should be the career offender offense level of thirty-four. In the government's view, two levels should then be added pursuant to section 3D1.4, resulting in a combined adjusted offense level of thirty-six. From this, two levels could be subtracted for acceptance of responsibility, yielding a final offense level of thirty-four. The government argued that this calculation was necessary to prevent an unfair reduction of Green's entire sentence as a result of his acceptance of responsibility for two counts.
 
 
 4
 The district court adopted the government's calculation, partly under the misapprehension that the probation officer had incorrectly treated the two robberies as closely-related counts.
 
 
 5
 We agree with Green that the district court's computation of his sentence was in error. Pursuant to section 3D1.5, the combined adjusted offense level should be further adjusted only for acceptance of responsibility and the career offender guideline. This view corresponds to the application instructions set out in guideline section 1B1.1 and in Chapter Three, Part D (Multiple Counts), to the language of section 4B1.1, and to the sequence of steps set out on the sentencing worksheets prepared by the Sentencing Commission.[2]
 
 
 6
 Under section 1B1.1(f), the determination that the defendant is a career offender, and the application of the career offender offense level, is the last step in the calculation of the final offense level. The introductory commentary to Chapter Three, Part D (Multiple Counts), states that the "single, 'combined' offense level that results from applying these rules is used, after adjustment pursuant to the guidelines in subsequent parts [i.e., Part E-Acceptance of Responsibility and Part Four B-Career Offenders and Criminal Livelihood], to determine the sentence."
 
 
 7
 The background commentary to section 3D1.1 (Procedure for Determining Offense Level on Multiple Counts) states:
 
 
 8
 This section outlines the procedure to be used for determining the combined offense level. After any adjustments from Chapter 3, Part E (Acceptance of Responsibility) and Chapter 4, Part B (Career Offenders and Criminal Livelihood) are made, this combined offense level is used to determine the sentencing guideline range.
 
 
 9
 The commentary to section 3D1.5 (Determining the Total Punishment) states:
 
 
 10
 This section refers the court to Chapter Five (Determining the Sentence) in order to determine the total punishment [for multiple counts] to be imposed based upon the combined offense level. The combined offense level is subject to adjustments from Chapter Three, Part E (Acceptance of Responsibility) and Chapter Four (Career Offenders and Criminal Livelihood).
 
 
 11
 Section 4B1.1 states that the career offender offense level should be used if it is greater than "the offense level otherwise applicable," that is, the combined offense level determined under Chapter Three, Part D, where there are multiple counts. Following the plan set out in these sections, Sentencing Worksheet D, Step 5, calls for application of the career offender provision after the combined adjusted offense level has been determined and a deduction has been made, if applicable, for acceptance of responsibility.
 
 
 12
 We note that the sentencing court must determine whether the defendant is entitled to a reduction for acceptance of responsibility by considering whether he has accepted responsibility for all his criminal conduct. United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S. 1990).
 
 
 13
 The sentence is accordingly vacated, and the case is remanded for resentencing consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov. 1990). Although Green was sentenced in February 1992, the earlier version of the guidelines was used to avoid an ex post facto problem
 
 
 [2]
 Had the probation officer shown the calculation on sentencing worksheets, it would have assisted the parties at the sentencing hearing in arriving at a correct determination of the sentence. Moreover, appellate review would have been facilitated