50 F.3d 8
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marlon GREEN, a/k/a Carroll Benns, Defendant-Appellant.
 No. 93-5687.
 United States Court of Appeals, Fourth Circuit.
 Submitted February 28, 1995.
Decided March 22, 1995.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert N. Maletz, Senior Judge, sitting by designation. (CR-91-221-HM)
 Kenneth M. Williams, KENNETH M. WILLIAMS & ASSOC., Baltimore, MD, for appellant. Lynne A. Battaglia, U.S. Atty., W. Warren Hamel, Assistant U.S. Atty., Baltimore, MD, for ppellee.
 Before HALL and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Marlon Green was convicted of bank robbery, assault during a bank robbery, use of a firearm in a crime of violence, and escape. After his conviction, he pled guilty to two charges resulting from another bank robbery which had been severed before trial. He was sentenced as a career offender to a term of 262 months. In Green's first appeal, we found that the district court had erred in calculating the career offender offense level, and remanded for resentencing. United States v. Green, No. 92-5170 (4th Cir. Mar. 26, 1993) (unpublished). Green now appeals from the sentence imposed on remand and, for the first time, challenges the validity of his convictions. We affirm.
 
 
 2
 On remand, the district court recalculated the sentence and determined that Green's career offender offense level was properly set at 34. The court was also required to reconsider the adjustment for acceptance of responsibility which it had awarded to Green in the first sentencing. Because Green had gone to trial on four of the six charges against him, and had entered guilty pleas on the other two only after his conviction, the court decided that he had not accepted responsibility for all his criminal conduct. Without the reduction for acceptance of responsibility, Green's offense level remained at 34; the guideline range was 210-262 months. The district court imposed a sentence of 262 months, the same as at the first sentencing.
 
 
 3
 Green argues in this appeal that the district court should have granted him the acceptance of responsibility adjustment because he admitted his guilt of all charges after his conviction. The adjustment is not intended to apply to a defendant who contests his factual guilt at trial. USSG Sec. 3E1.1, comment. (n.2). Relying on this provision, the district court found that the adjustment should not be applied in Green's case. The court's factual finding is reviewed for clear error.
 
 
 4
 United States v. Curtis, 934 F.2d 553, 557 (4th Cir.1991). Because Green forced the government to prove his guilt on four of the six counts of which he was adjudged guilty, the district court's factual finding is not clearly erroneous. In a pro se reply brief, Green also suggests that the district court failed to understand its authority to depart; however, because he did not request a departure, this claim is without merit.
 
 
 5
 In a pro se supplemental brief, Green contends that his convictions should be reversed because he was denied the right to represent himself at trial. Although Green was granted leave to file a supplemental brief in his first appeal, as well as several extensions of time to file, he did not submit a supplemental brief or indicate what issues he wished to raise pro se. Green has thus forfeited appellate review of this issue by failing to raise it in his first appeal. See United States v. Bell, 988 F.2d 247, 250 (1st Cir.1993) (legal decision unchallenged in subsequent appeal becomes law of the case); Omni Outdoor Advertising v. Columbia Outdoor Advertising, 974 F.2d 502, 505-06 (4th Cir.1992) (inappropriate to consider argument on second appeal following remand when it could have been made in first appeal); United States v. Fiallo-Jacome, 874 F.2d 1479 (11th Cir.1989) (same principle applies in criminal cases); Northwestern Indiana Tel. Co. v. F.C.C., 872 F.2d 465, 470 (D.C.Cir.1989) (omission of even constitutional issues from first appeal waives consideration in later appeal), cert. denied, 493 U.S. 1035 (1990).
 
 
 6
 We have examined Green's claim for blatant error, which may come within an exception to the mandate rule, see United States v. Bell, 5 F.3d 64, 67 (4th Cir.1993), and find that no blatant error occurred. A defendant has a Sixth Amendment right to represent himself if he makes a knowing and intelligent decision to do so. Faretta v. California, 422 U.S. 806, 819 (1975). However, the defendant must clearly and unequivocally inform the court that he wants to represent himself and does not want counsel. Id. at 835. The demand for self-representation must be honored if it is asserted before "meaningful" trial proceedings have begun; thereafter, the trial court may in its discretion grant or deny it. United States v. Lawrence, 605 F.2d 1321, 1325 (4th Cir.1979), cert. denied, 444 U.S.1984 (1980). The point at which "meaningful trial proceedings" have commenced will vary from case to case, id., but the Fifth Circuit has held that it occurs when the jury is selected. Chapman v. United States, 553 F.2d 886, 887 (5th Cir.1977).
 
 
 7
 Just before jury selection, Green requested new counsel or, alternatively, to proceed pro se. His comments to the judge focused entirely on the deficiencies of his attorney. Even if his motion was timely, it was not a clear and unequivocal statement that he wanted to represent himself and did not want counsel. Consequently, we find that even if Green's motion was timely, he is not entitled to a new trial.
 
 
 8
 Accordingly, the judgment of the district court is affirmed. We grant leave to file the supplemental pro se brief as well as leave to file and an enlargement of time to file a pro se reply brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.