**UNITED STATES of America**

v.

**Marlon GREEN.**

Nos. Civ. HNM–97–1379,
Crim. HM–91–0221.

United States District Court,
D. Maryland.

Aug. 27, 1998.

Lynne A. Battaglia, United States Attorney for the District of Maryland, W. Warren Hamel, Assistant United States Attorney, Baltimore, MD, for U.S.

Marlon Green, pro se.

## MEMORANDUM

MALETZ, Senior District Judge.[1]

The court has before it the motion of Marlon Green to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (1994) (current version at 28 U.S.C.A. § 2255 (West 1994 & 1998 Supp.)). Green contends that he was denied effective assistance of counsel at his trial and on direct appeal, and that the court erred in not following the procedures in Rule 11 of the Federal Rules of Criminal Procedure to determine if he knowingly and

1. Of the United States Court of International Trade, sitting by designation.

voluntarily entered into a factual stipulation with respect to the federally insured status of The Carrollton Bank. For the following reasons, the court denies his motion.[2]

## I.

A jury convicted Green of bank robbery, 18 U.S.C. § 2113(a), (f), assault during a bank robbery, 18 U.S.C. § 2113(d), (g), use of a firearm in a crime of violence, 18 U.S.C. § 924(c), and escape, 18 U.S.C. § 751(a). After his conviction, Green pleaded guilty to two charges arising from a separate bank robbery that had been severed before trial. He was sentenced to a term of 262 months imprisonment for the bank robberies and the escape, a consecutive five-year term of imprisonment for the § 924(c) conviction, three years of supervised release, and a $300 special assessment. Green appealed, and the Fourth Circuit found that the court had erred in calculating his offense level, and remanded the case for resentencing. *See United States v. Green*, No. 92–5170, 1993 WL 87656 (4th Cir. Mar.26, 1993) (unpublished). On remand, Green received a sentence of 262 months and a consecutive sentence of five years, the same as the first sentence. In his appeal from this sentence, Green argued that the court should have granted him a downward adjustment for acceptance of responsibility and, for the first time, challenged the validity of his convictions. The Fourth Circuit affirmed Green's convictions and sentence. *See United States v. Green*, No. 93–5687, 1995 WL 120684 (4th Cir. Mar.22, 1995) (unpublished).

**2.** Green also has filed a motion for trial and sentencing transcripts under 28 U.S.C. § 753(f), a request for discovery under Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts, and a motion to stay this proceeding pending his attack in state court on a prior conviction used to enhance the present sentence. Because the court finds that the contentions raised by Green in this motion entitle him to no relief, the motion for trial and sentencing transcripts and request for discovery are denied. Green cites no authority in support of his motion to stay this proceeding. Assuming authority does exist, the court concludes that a stay is not warranted because Green does not challenge his sentence in this motion. Accordingly, the motion to stay this proceeding is denied. The court's denial is without prejudice to

## II.

### A.

Green's first contention is that he was denied effective assistance of counsel in violation of the Sixth Amendment. In support, he points to five separate errors by counsel that he alleges rendered his assistance ineffective. He argues that his counsel: (1) failed to appeal the court's decision denying his motion for severance of the escape and bank robbery charges; (2) failed to pursue evidence showing that his motive for flight was avoidance of a pending violation of his probation for possession of narcotics; (3) failed to investigate, interview, and present alibi witnesses; (4) failed to consult adequately with him before agreeing to stipulate to the federally insured status of The Carrollton bank; and (5) failed to object to the court's instruction describing the effect of a stipulation.[3]

The Supreme Court has adopted a two-prong test for determining whether a defendant received ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, Green must show that his counsel's performance fell below an objective standard of reasonableness. *See id.* at 687–91, 104 S.Ct. 2052. Second, he must show prejudice. With respect to prejudice, Green "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *See id.* at 694, 104 S.Ct. 2052.

### 1.

 Green first argues that his counsel was ineffective because he failed to appeal

Green's right to file a second motion under 28 U.S.C. § 2255 if the Baltimore City Circuit Court should grant his writ of error coram nobis and invalidate his 1980 conviction for robbery with a deadly weapon. That conviction served as a predicate offense such as to warrant Green's classification as a career offender with respect to the present sentence.

**3.** Green also argues that his counsel's decision to stipulate to the federally insured status of The Carrollton Bank demonstrates that counsel "was burdened by a conflict between his client's interest and his own sympathies to the prosecution position." This argument is groundless, and does not merit discussion.

the court's decision to deny his motion to sever the escape and bank robbery charges. An attorney's failure to appeal on a particular ground is constitutionally ineffective only if there is a "reasonable probability" that the appellate court would have found error and reversed the judgment of the district court. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

■ Rule 8(a) of the Federal Rules of Criminal Procedure permits joinder of multiple offenses against one defendant if they "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Fed.R.Crim.P. 8(a). Even if Rule 8(a) permits joinder, the district court has the discretion to sever the offenses if it appears that the defendant is prejudiced. Fed.R.Crim.P. 14. Severance is a matter entirely in the discretion of the district court, and a district court's decision to deny a motion for severance will be overturned only on a "showing of clear prejudice or abuse of discretion." *See United States v. Acker,* 52 F.3d 509, 514 (4th Cir.1995). Green fails to make this showing.

Here, joinder was proper in the first instance because the escape and bank robbery offenses were sufficiently connected. Although the custody from which Green escaped did not derive from the robbery of The Carrollton Bank, the offenses were related in time (the robbery and the escape were only five days apart) and the motive for flight was avoidance of apprehension for the robbery. Beyond that, joinder did not prejudice Green because evidence of each offense could have been introduced in a separate trial of the other. *See United States v. Peoples,* 748 F.2d at 934, 936 (4th Cir.1984) ("Unfair prejudice does not result if evidence admissible to prove each charge is also admissible to prove the other charge."), *cert. denied,* 471 U.S. 1067, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985). Evidence of the bank robbery would be admissible under Rule 404(b) of the Federal Rules of Evidence to show Green's motive for escape. Likewise, evidence of the escape would be admissible in a trial of the bank robbery to show consciousness of guilt. *See id.*

In addition, to mitigate any prejudice to Green, the court instructed the jury that each charge and the evidence pertaining to it should be considered separately. Accordingly, the court concludes that it properly exercised its discretion to deny Green's motion for severance. Hence, counsel's failure to appeal on this ground did not prejudice Green, and his argument of ineffective assistance has no merit.

2.

■ Green next argues that his counsel was ineffective because he failed to pursue evidence showing that his motive for flight was avoidance of a pending violation of his probation for possession of narcotics. According to Green, this evidence would have contested the government's theory supporting joinder of the escape and bank robbery charges, and persuaded the court to grant his motion for severance. The court cannot agree.

Even if counsel's failure to pursue this evidence fell below a standard of objective reasonableness, Green suffered no prejudice under *Strickland.* A charge of bank robbery is more serious than a violation of probation for possession of narcotics and, more importantly, it appears from this motion that the bank robbery was the most recent motive for flight. As discussed above, the government established a sufficient connection between the bank robbery and Green's escape from custody five days later.

Thus, even if Green's counsel had presented evidence of the pending narcotics violation to the court, the court concludes that there is no "reasonable probability" that it would have been persuaded to grant the motion for severance. Nor can Green establish that the outcome of his case would have differed had the court granted the motion and ordered separate trials for evidence of each offense would have been admissible at a separate trial of the other. *See Peoples,* 748 F.2d at 936. Accordingly, Green cannot demonstrate the requisite prejudice. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

### 3.

Green next argues that his counsel was ineffective because he failed to investigate, interview, and present alibi witnesses. Green has neither identified the witnesses, nor alleged that they would have been available to testify at his trial had counsel attempted to locate them. Nor does Green say what their testimony would be, other than that it "could counteract the prosecution's case, or show that there was a reasonable probability that Green could not have robbed the bank in question." This argument is too vague to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Roach v. Martin,* 757 F.2d 1463, 1476 (4th Cir.), *cert. denied,* 474 U.S. 865, 106 S.Ct. 185, 88 L.Ed.2d 154 (1985).

### 4.

Green next argues that his counsel was ineffective because he failed to consult adequately with Green before agreeing to stipulate to the fact that, on April 25, 1991, the deposits of The Carrollton Bank were insured by the Federal Deposit Insurance Corporation. This argument is meritless. Counsel's decision to enter into the stipulation was a matter of tactics, and not objectively unreasonable. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052; *see also Poole v. United States,* 832 F.2d 561, 564 (11th Cir. 1987), *cert. denied,* 488 U.S. 817, 109 S.Ct. 54, 102 L.Ed.2d 33 (1988).

Save for Green's self-serving argument that "[w]ith an effective advocate in [his] corner, a 'reasonable probability' exists that [he] would have never accepted a stipulation in court to one of the elements of 2113," nothing in the record suggests that Green was ignorant of the stipulation or that he would not have agreed to it had he received "meaningful consultation." What is more, Green does not even argue, let alone establish, that the jury would have returned a verdict of not guilty had the defense not agreed to stipulate to the federally insured status of The Carrollton Bank. Rather, he argues that his counsel's failure to consult adequately with him before agreeing to the stipulation rendered his trial "unreliable because it has clearly lost its adversary character." Hence, the court concludes that Green cannot satisfy either prong of the *Strickland* test.

### 5.

Last, Green argues that his counsel was ineffective because he failed to object to the court's instruction describing the effect of a stipulation. The court instructed the jury as follows:

Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact. When the attorneys on both sides stipulate or agree to the existence of a fact, however, you must regard such agreed fact as true.

Green argues that by instructing the jury that it "must" regard the agreed facts as true, the court directed a partial verdict for the government and, therefore, deprived him of his right to have the jury determine his guilt, beyond a reasonable doubt, as to each essential element of the offense. He argues that the jury should have been instructed that it "may accept, but need not accept" the stipulated facts as true. The court cannot agree.

In support of his argument, Green cites *United States v. Mentz,* 840 F.2d 315 (6th Cir.1988), in which the Sixth Circuit held that the district judge committed error when he "invaded the jury's province by instructing that body, in clear and unequivocal language, that the banks were FDIC insured at the time the robberies occurred." *Mentz,* 840 F.2d at 320.

Here, however, unlike in *Mentz,* where the trial judge instructed the jury that the federally insured status of the banks had in fact been proven, the court's instructions did not direct a partial verdict against Green. The court properly instructed the jury that if it had reasonable doubt regarding the element to which the parties stipulated, that it must find Green not guilty.

The court instructed the jury as to the bank robbery charge, in part, as follows:

In order to prove the [bank robbery] charge against the defendant, the government must establish each of the following elements beyond a reasonable doubt:

First, that on April 25, 1991, The Carrollton Bank of Baltimore was an institution the deposits of which were insured by the Federal Deposit Insurance Corporation.

. . .

The first thing you must determine is whether the money the defendant is charged with taking was taken from a bank. For the purposes of this crime, a bank is an institution whose deposits are insured by the Federal Deposit Insurance Corporation.

Also, the court recited a standard instruction that required the jury to find that the government had proved each essential element for the crimes charged, beyond a reasonable doubt, before returning a verdict of guilty. The court gave the following instruction:

> The defendant has pleaded "not guilty" to the charges contained in the indictment. A plea of not guilty puts in issue each of the essential elements of the offenses charged and imposes on the government the burden of establishing each of these by proof beyond a reasonable doubt. Unless the government proves beyond a reasonable doubt that the defendant has committed each essential element of the offense with which he is charged, you must find him not guilty.

Jury instructions must be viewed in their entirety and in context. *See Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973); *Gore v. Leeke,* 605 F.2d 741, 743 (4th Cir.1979), *cert. denied,* 444 U.S. 1087, 100 S.Ct. 1048, 62 L.Ed.2d 774 (1980). The Fourth Circuit has held that a defendant is entitled to an instruction directing the jury to "consider[ ] whether the government has proved beyond a reasonable doubt all the elements involved in the crime charged— even if the defendant and the government have entered a stipulation as to certain of those elements." *United States v. Muse,* 83 F.3d 672, 679 (4th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 261, 136 L.Ed.2d 186 (1996). The court in *Muse* approved an instruction similar to the one at issue in this case. There, the judge instructed the jury that "the government does not have to go any further [than the stipulation] to prove [an element of the offense]" and that the jury "should" find the government established those elements through the stipulations. *Muse,* 83 F.3d at 680–81. *See United States v. Gonzalez,* 110 F.3d 936, 944–48 (2d Cir. 1997) (district judge instructed the jury that possession of the handgun in question was the "only issue" the jury needed to decide to convict the defendant; if there was error in the court's instructions, the error was not plain); *United States v. Jones,* 108 F.3d 668, 670–73 (6th Cir.1997) (affirming the defendant's conviction on the ground that even if it were error for the district judge to instruct the jury that it "will find that the government has established this element of the offense," it was not "plain error," did not affect the defendant's substantial rights, and did not result in a miscarriage of justice"); *United States v. Cornish,* 103 F.3d 302, 303–307 (3d Cir.) (holding that the district court's instruction to the jury that it must "accept" the stipulated fact of the defendant's prior felony conviction did not amount to plain error), *cert. denied,* —— U.S. ——, 117 S.Ct. 1711, 137 L.Ed.2d 835 (1997); *cf. United States v. Branch,* 46 F.3d 440, 442 (5th Cir. 1995) (holding that "[o]nce a stipulation is entered, even in a criminal case, the government is relieved of its burden to prove the fact which has been stipulated by the parties."). *But see United States v. Mason,* 85 F.3d 471, 472 (10th Cir.1996) ("[T]he jury need not resolve the existence of an element when the parties have stipulated to the facts which establish that element .... [T]he judge has not remove the consideration of an issue from the jury; the parties have. More specifically, by stipulating to elemental facts, a defendant waives his right to a jury trial on that element.")

Thus, the court's instructions, taken as a whole, did not deprive Green of his right to have a jury determine, beyond a reasonable doubt, his guilt of each essential element of the crimes with which he was charged. Accordingly, his argument that his counsel was ineffective for failing to raise an objection to the court's instruction describing the effect of a stipulation fails for lack of prejudice.

## B.

Green next contends that the court erred in accepting the defense's factual stipulation with respect to the federally insured status of The Carrollton Bank without inquiring of Green personally to ensure that he knowingly and voluntarily entered into the stipulation.

This contention is not properly before the court because Green did not raise it in either of his direct appeals, and he makes no attempt to demonstrate "(1) 'cause' excusing his ... procedural default, and (2) 'actual prejudice' resulting from the error[ ] of which he complains." *See United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

Apart from his procedural default, Green's argument is foreclosed by the Fourth Circuit's opinion in *Muse.* There, the court noted that Rule 11 procedures are not required when the defendant enters into a stipulation to less than all the elements of an offense. *Muse,* 83 F.3d at 681.

Here, although Green stipulated to one of the elements of the bank robbery charge, he contested the other three. More importantly, as discussed above, the court did not remove the stipulated element from the jury's consideration but, rather, required the jury to return a verdict finding Green guilty of all the elements of the offenses charged. Accordingly, the court concludes that it did not err in not following Rule 11 procedures before accepting Green's stipulation.

## III.

For the foregoing reasons, the motion is denied.