USCA1 Opinion

 

 [NOT FOR PUBLICATION] ___________________ No. 92-1995 UNITED STATES, Appellee, v. PETER A. LEBON, Defendant, Appellant. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ___________________ Roger A. Cox on brief for appellant. ____________ A. John Pappalardo, United States Attorney, and Michael J. __________________ __________ Tuteur, Assistant U.S. Attorney, on brief for appellee. ______ __________________ __________________ Per Curiam. Defendant contends that the government ___________ knowingly permitted its main witness, Tina Pina, to commit perjury. We conclude defendant has not established perjury and affirm his conviction. First, defendant claims Tina perjured herself when she testified that "being handcuffed and charged with unlawful carrying a firearm" was "all new to [her]." The statement was perjurious, according to defendant, because it was tantamount to an assertion that she had never been arrested before, when, in fact, she had previously faced several charges in her life. Defendant reads too much into the statement. Tina did not assert that she had never been arrested. Moreover, even if Tina had been arrested in the past, being handcuffed and charged with unlawfully carrying a firearm in the manner described at trial could well qualify as "new" to her. Defendant has not shown perjury. Second, defendant contends Tina perjured herself when she testified that it was defendant who handed her a gun and told her to stash the gun in her pants. Perjury is shown, defendant claims, by the fact that Tina, interviewed several days after arrest by Agent Offringa, did not then tell Agent Offringa that defendant was the one who had directed her to stash the gun and by alleged statements in two reports that she did not know who had handed her the gun. Again, defendant has not shown perjury. Agent Offringa -2- acknowledged at trial that his report of his interview with Tina several days after arrest did not identify defendant as the one who had given her the gun and had told her to hide it. Agent Offringa testified, however, that in subsequent interviews Tina consistently claimed defendant was the one who had directed her and that she had never said anyone else had handed her the gun.1 As for the alleged statements in two reports that Tina had claimed she did not know who had handed her the gun, the reports were not introduced into evidence. Consequently, there is no record support for defendant's claim that Tina told officers she did now know who handed her the gun. We will not consider on appeal evidence or arguments which have not been presented to the trial court. In any event, however, the fact that a witness contradicts herself or changes her story does not establish perjury. See, e.g., Tapia v. Tansy, 926 F.2d 1554, 1563 ___ ____ _____ _____ (10th Cir.) ("Contradictions and changes in a witness's testimony alone do not constitute perjury and do not create an inference, let alone prove, that the prosecutor knowingly presented perjured testimony."), cert. denied, 112 S. Ct. 115 ____________  ____________________ 1. Defendant asks this court to expand the record to include Agent Offringa's report. The request is denied. Although the report was utilized by defense counsel in cross-examining Agent Offringa, the report was not introduced into evidence. Defendant may not add to the record at the appellate level. In any event, since Agent Offringa acknowledged at trial that his report did not identify defendant as the one handing Tina the gun, the report itself is not needed to establish what Agent Offringa has admitted. -3- (1991). In accordance with our obligation under Anders v. ______ California, 386 U.S. 738, 744 (1967), we have reviewed the __________ trial and sentencing record. We conclude the appeal is wholly frivolous. Consequently, counsel's motion to withdraw is granted. Defendant's motions are denied, and the judgment is affirmed. ________ -4-