**UNITED STATES of America ex rel. Chester RICE, Petitioner,**

v.

**Odie WASHINGTON, Respondent.**

**No. 96 C 5645.**

United States District Court, N.D. Illinois, Eastern Division.

Dec. 10, 1997.

Chester Rice, Menard, IL, pro se.

Robert K. Villa, Illinois Atty. General's Office, Arleen C. Anderson, Illinois Atty. General's Office, Criminal Appeals Division, Chicago, IL, for Respondent.

### *MEMORANDUM OPINION AND ORDER*

BUCKLO, District Judge.

Petitioner, Chester Rice, filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus to challenge his convictions of murder and concealment of a homicide. For the following reasons, the Petition is denied.

#### *Background*

Following a jury trial in the Circuit Court of Cook County, Illinois, Mr. Rice was convicted of murder and concealment of a homicide and sentenced to consecutive terms of 70 years for murder and 5 years for concealment of a homicide. Mr. Rice appealed his conviction in the Illinois state court system through both the direct appellate review mechanism and the Illinois post-conviction relief statute. In his habeas corpus petition, Mr. Rice argues that (1) the state failed to provide reasons unrelated to race for exercising peremptory challenges against several jurors, (2) the trial court improperly denied his motion to quash and suppress an inculpatory statement resulting from an arrest without probable cause, and (3) he was not proven guilty beyond a reasonable doubt. All of these claims were presented to the appellate court on direct review. Mr. Rice does not challenge the appellate court's statement of facts, and thus, those facts are presumed correct for purposes of this court's review.

#### *Peremptory Challenges*

Mr. Rice claims that the state did not provide sufficiently race-neutral reasons for its use of peremptory challenges to exclude several potential jurors. He alleges that the trial court erred in accepting the state's reasons for challenging three potential black jurors and one Hispanic juror. The state claimed that each juror either had a previous conviction or was related to a person convicted of a crime or was otherwise dismissed for cause.

In *Batson v. Kentucky,* 476 U.S. 79, 86, 106 S.Ct. 1712, 1716, 90 L.Ed.2d 69 (1986), the Supreme Court held that purposeful racial discrimination in jury selection violated a defendant's right to equal protection. A defendant may establish a prima facie case of purposeful discrimination in jury selection solely on evidence concerning the prosecutors's exercise of peremptory challenges. *Id.* at 96, 106 S.Ct. at 1722. Once the defendant makes a prima facie case, the burden shifts to the state to come forward with neutral explanations for exercising its peremptory challenges. *Id.* at 97, 106 S.Ct. at 1723.

The appellate court applied *Batson* to the facts of this case. The appellate court held that nothing in the trial transcript indicated that the defense had raised a *Batson* challenge, let alone established a prima facie case of racial discrimination. The trial court delineated the state's use of its peremptory challenges simply to preserve for the record pertinent information regarding each African–American prospective juror whom the state had peremptorily challenged.

■ Even if Mr. Rice had made out a prima facie case, the appellate court accepted the state's race-neutral explanations for its use of peremptory challenges. Three of the challenged jurors were legitimately excused because either they or one of their relatives were convicted of crimes. Juror Ronnie Rentist had been charged with burglary and his uncle had been convicted of robbery. Juror William Stevenson had a brother who

had been recently convicted of murder. Juror Williams Means had been convicted of disorderly conduct and had a friend who was convicted of armed robbery. Finally, the fourth juror, Victor Williams, was not even challenged by the state, but was excused for cause by the trial court. Based on these facts, I cannot hold that the state court's decision involved an unreasonable application of federal law. This claim is denied.

### Fourth Amendment Claim

Mr. Rice claims that the trial court should have suppressed the inculpatory statement he made to the authorities for lack of probable cause to arrest him. He contends that he was under arrest before he made an oral inculpatory statement but that the police did not have probable cause to arrest him for the murder at that time.

■ Under *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3051, 49 L.Ed.2d 1067 (1976), federal courts may only entertain Fourth Amendment challenges on habeas corpus review if the petitioner has not been afforded a full and fair opportunity to litigate his claim in state court. A petitioner has been provided a full and fair opportunity to litigate when (1) he has clearly informed the state court of the factual basis for the claim and has argued that those facts constituted a violation of his Fourth Amendment rights, (2) the state court has carefully and thoroughly analyzed the facts, and (3) applied the proper constitutional case law to the facts. *Weber v. Murphy*, 15 F.3d 691, 694 (7th Cir.), *cert. denied*, 511 U.S. 1097, 114 S.Ct. 1865, 128 L.Ed.2d 486 (1994).

■ Mr. Rice informed the state court of the factual basis for this Fourth Amendment claim. He claims that the police explicitly told him that he was under arrest before he made any inculpatory statements; therefore, the subsequent confession to the murder was the fruit of the illegal arrest. He had a full suppression hearing on the Fourth Amendment claim and raised it again on direct appeal.

The appellate court thoroughly analyzed the facts and found that Mr. Rice was not under arrest until after he made his first oral incriminating statement. Two police officers testified that Mr. Rice was not under arrest until he made the statement. Mr. Rice voluntarily accompanied the detectives from his home to the stationhouse to discuss the murder. He then voluntarily agreed to undergo a polygraph examination. Following the polygraph test, he agreed to return to the stationhouse to continue his cooperation in the police investigation of the murder. Upon their arrival at the stationhouse, Mr. Rice waived his Miranda rights and agreed to speak to the detectives. He was given food and drink, and was not handcuffed prior to his first oral incriminating statement. He never expressed a desire to leave the stationhouse before he made his oral inculpatory statement to the officers. Based on these facts, the appellate court did not disturb the trial court's finding that Mr. Rice's account of the events was "generally completely incredible."

■ Finally, the appellate court applied correct constitutional law. A person is seized, or under arrest, if in view of all the circumstances, a reasonable person would believe that he was not free to leave. *Florida v. Bostick*, 501 U.S. 429, 439, 111 S.Ct. 2382, 2388, 115 L.Ed.2d 389 (1991). The appellate court analyzed the facts under this standard and found that Mr. Rice was not under arrest prior to making his inculpatory statements, and that in fact, Mr. Rice voluntarily remained with the police.

### Sufficiency of the Evidence

■ Mr. Rice claims that he was not proven guilty beyond a reasonable doubt. He argues that the state's theory of the case did not make sense and that there were numerous inconsistencies between the statement he gave the police and the physical evidence.

The relevant inquiry for a federal habeas court reviewing a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979). The appellate court applied this constitutional standard, and therefore, it did

not apply law contrary to clearly established federal law.

The appellate court's decision also did not involve an unreasonable application of federal law. Mr. Rice confessed to killing the victim. He stated that he strangled the victim in his own apartment and then concealed the body in the adjacent, abandoned building. Other state's evidence confirmed Mr. Rice's description of the incident. Thus, the appellate court found that Mr. Rice's asserted inconsistencies in his statement did not create a reasonable doubt. A rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

This claim is denied.

### Conclusion

For the foregoing reasons, Mr. Rice's petition for a writ of habeas corpus is denied.