UNITED STATES of America

v.

**Darrick COOK, a/k/a Derrick Cook**

**No. 93–365 SSH.**

United States District Court,
District of Columbia.

Nov. 29, 2000.

Timothy W. Lucas, AUSA, U.S. Attorney's Office for the District of Columbia, Special Proceedings Section, Washington, DC, for Plaintiffs.

Derrick Cook, Petersburg, VA, pro se.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

Before the Court are petitioner's (1) motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2225, (2) motion for leave to amend § 2255 motion,[1] (3) motion requesting post-offense rehabilitation downward departure, and (4) motion requesting the Court to consider the motion regarding post-offense rehabilitation simultaneous to the § 2255 motion. The Court also considers the Government's opposition to the § 2255 motion and petitioner's reply thereto. The Court grants petitioner's motion for leave to amend his § 2255 motion and petitioner's motion to consider the downward departure motion simultaneous to the § 2255 motion. Upon consideration of the entire record, the Court denies petitioner's § 2255 motion and motion requesting a post-offense downward departure. Because the motion and the files and records of the case conclusively show that petitioner is entitled to no relief, the Court finds that a hearing is not necessary.

## I. Background

On February 28, 1994, petitioner was convicted of one count of unlawful possession with intent to distribute 50 grams or

---

1. The Government indicates that it does not oppose the Court's interpretation that petitioner's § 2255 motion is timely filed, as explained in its May 8, 1998, Order.

more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii). On July 5, 1994, petitioner was sentenced to 240 months' imprisonment. The Court of Appeals affirmed his conviction and sentence on September 13, 1995. *United States v. Cook,* 70 F.3d 638 (D.C.Cir.1985) (*per curiam*), published at 1985 WL 281326.

### III. § 2255 Motion

Petitioner's § 2255 motion asserts several allegations of ineffective assistance of counsel by Alan C. Drew, his attorney at trial and on appeal: (1) failure to object to the prosecutor's alleged vouching for a prosecution witness; (2) failure to appeal an objection to an expert witness' testimony regarding a hypothetical situation that mirrored the facts of the case; (3) failure to object to being sentenced for crack cocaine without proof of crack cocaine; (4) failure to object to a crack cocaine sentence where crack cocaine is not scheduled as a controlled substance; and (5) failure to object to the use of co-defendant Dwayne Short's alleged perjury.[2]

### A. Legal Standard

██ A collateral attack under § 2255 is not a second chance at appeal, nor is it a substitute for direct appeal; a defendant is required to show "a good deal more than would be sufficient on direct appeal" to gain collateral relief. *United States v. Pollard,* 959 F.2d 1011, 1020 (D.C.Cir.), *cert. denied,* 506 U.S. 915, 113 S.Ct. 322, 121 L.Ed.2d 242 (1992). To obtain relief based on a trial error that is raised for the first time on collateral attack, the defendant typically must show "cause" for his failure to raise the issue at trial and on direct appeal, and he must show "actual prejudice" resulting from the errors of which he complains. *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 1594–95,

71 L.Ed.2d 816 (1982). In extraordinary instances, a petitioner may overcome a procedural default where "a fundamental miscarriage of justice" has occurred. *McCleskey v. Zant,* 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). However, the Supreme Court has explicitly tied this exception to the petitioner's innocence. *See Schlup v. Delo,* 513 U.S. 298, 321, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Where a petitioner raises claims of ineffective assistance of counsel in a § 2255 motion, he need not show "cause and prejudice" for not having raised such claims on direct appeal, as these claims may properly be raised for the first time in a § 2255 motion. *See United States v. Johnson,* 1999 WL 414237 at *1 (D.C.Cir., May 28, 1999) (unpublished opinion).

██ To prevail on an ineffective assistance of counsel claim, a defendant must show two things. First, the defendant must show that counsel's performance was deficient, falling below an objective standard of reasonableness. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687, 104 S.Ct. 2052. In evaluating counsel's performance, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S.Ct. 2052. Second, the defendant must show that the deficient performance had a prejudicial effect. To prove prejudice, a defendant must show that "counsel's errors were so serious as to

---

2. The fifth claim regarding perjured testimony is contained in petitioner's amendment to his § 2255 motion. Although petitioner originally cast this claim as a direct error of prosecutorial misconduct in presenting perjured testimony, petitioner in his reply memorandum indicates that ineffective assistance of counsel caused him not to raise this error on direct appeal.

deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

## B. Analysis

Petitioner's allegations do not demonstrate that Drew's performance fell below an objective standard of reasonableness. The Court's independent recollection of the trial also leads it to conclude that petitioner's representation was of a high professional quality. The Court briefly addresses each of petitioner's claims.

### 1. Vouching

Petitioner claims that Drew was ineffective for failing to object to the Government's alleged bolstering of key . witness Dwayne Short. Petitioner contends that the Government repeatedly referred to the provision in Short's plea agreement that requires that he testify truthfully, thereby bolstering Short's credibility.

The Court finds no ineffective assistance of counsel. Applying the reasoning of *United States v. Spriggs*, 996 F.2d 320 (D.C.Cir.1993), the Court sees "no good reason to believe that the allegedly bolstering provisions of the agreement are likely to enhance the witness's credibility in the eyes of the jury." *Id.* at 324. Furthermore, because the alleged "bolstering" occurred only after the defense counsel first attacked the witness's credibility using portions of the plea agreement, the Court sees no error in the Government's manner of rehabilitation.

### 2. Expert testimony

At trial, the Government elicited testimony from Detective Tyrone R. Thomas, a police expert witness, as to whether possession of a certain quantity of drugs indicated an intent to distribute those drugs. Drew objected, alleging that the expert impermissibly testified to petitioner's intent, as opposed to a general observation, because the Government's hypothetical question mirrored the facts of the case. The Court overruled Drew's objection. Drew did not raise the issue on appeal, which petitioner claims constituted ineffective assistance of counsel.

Federal Rule of Evidence 704(b) provides that an expert witness may not .testify to a defendant's mental state or condition constituting an element of the crime charged, as these are ultimate issues for the trier of the fact to determine. In earlier cases, this Circuit stated that "Rule 704(b) allows an expert to state that certain conduct fits a specific role in a criminal enterprise—even though the conduct described exactly parallels conduct that other evidence explicitly links to a defendant," *United States v. Mitchell,* 996 F.2d 419, 422 (D.C.Cir.1993), although such testimony can be "awkward," *United States v. Williams,* 980 F.2d 1463, 1466 (D.C.Cir. 1992). Not until May 30, 1995, in *United States v. Boyd,* 55 F.3d 667, 671 (D.C.Cir. 1995), did this Circuit prohibit the use of "mirroring hypotheticals," stating that the Government may not recite hypothetical facts that mirror the case at hand and ask the expert to opine whether such facts prove an intent to distribute.

■ The Court concludes that defense counsel Drew was not deficient for not appealing the Court's ruling. At the time Drew appealed the case on July 26, 1994, and filed a brief on behalf of petitioner on April 10, 1995, the *Boyd* case had not been decided yet. Thus, the Court's ruling was sufficiently supported by the prevailing law, and Drew therefore cannot be found deficient for not appealing the ruling, particularly where the Court's ruling would have been reviewed only for abuse of discretion. *See United States v. Smart,* 98 F.3d 1379, 1386 (D.C.Cir.1996) (trial judge's admission of evidence reviewed for abuse of discretion). Even if Drew's performance was deficient, petitioner has not presented sufficient evidence that the outcome would have been different had Detective Brown refrained from answering the question about petitioner's intent.

### 3. Proof of crack cocaine.

Petitioner contends that although he was sentenced under the crack cocaine statute, at no time did the Government present evidence to prove that the drug at issue was crack cocaine. Petitioner therefore alleges that Drew was ineffective because he did not familiarize himself sufficiently with the crack cocaine statute, did not inform petitioner about the alternatives to the crack cocaine enhancement, did not object to the application of the crack cocaine guideline, and did not present any evidence that could have mitigated his sentence under the crack cocaine guideline.

■ The Court rejects petitioner's contention. The transcript of the trial reveals numerous references to crack cocaine. Two police officers testified that the "loose white rock" field-tested positive for crack cocaine, *see* Tr. 2/25/94 at 39 and 156, and one police officer testified that the DEA laboratory chemist determined that the drugs were cocaine base, commonly known as crack cocaine. *See* Tr. 2/25/94 at 204. Dwayne Short also testified that he saw petitioner "break a piece off" of an eighth of a "key," and hand the confidential police informant "the rock." "Rock-like substances" which are analyzed to contain cocaine base are descriptions that fit "crack." *See United States v. Prailow,* 1998 WL 939502 at *1 (D.C.Cir.1998) (unpublished decision); *United States v. Washington,* 115 F.3d 1008, 1011 (D.C.Cir.1997) ("the government tells us without contradiction from defendant that it knows 'of no rock-like form" of cocaine base that is not crack' ").

### 4. Application of crack cocaine although not scheduled

■ Petitioner argues that it is not a crime to possess crack or cocaine base because cocaine base or crack is not specifically listed in the schedules of controlled substances in the Drug Abuse Prevention and Control Act, codified at 21 U.S.C.A. § 812. Consequently, he claims Drew was

ineffective for not making this argument. The Court finds this argument meritless, as many other courts have. *See United States v. Ford,* 994 F.Supp. 401, 402 (D.D.C.1998); *see also United States v. Talley,* 1999 WL 1054151 at *1–2 (4th Cir. 1999); *United States v. Sloan,* 97 F.3d 1378, 1381–82 (11th Cir.1996), *United States v. Deisch,* 20 F.3d 139, 149–52 (5th Cir.1994). Though not specifically enumerated in 21 U.S.C. § 812, cocaine base clearly fits in Schedule II within the broad definition of cocaine-related controlled substances. *See Ford,* 994 F.Supp. at 402.

### 5. Government's use of perjured testimony

Petitioner claims that the government knowingly used perjured testimony through his co-defendant Dwayne Short as the sole evidence to obtain his conviction. He argues that Short testified at trial that the drugs were found under petitioner's seat (the driver's seat) and therefore petitioner gave the drugs to the police informant. However, Short acknowledged in his plea agreement that the drugs were found under his own seat (the passenger's seat), and the police informant indicated that Short gave him the drugs. Because petitioner cast his argument as a direct error in his § 2255 motion, the Government argues that petitioner has not explained why this issue was not raised on direct appeal, and furthermore has not offered evidence supporting his claim of perjured testimony and the Government's knowledge of the perjury. In his reply, petitioner states that ineffective assistance of counsel prevented the claim from being raised on direct appeal.

■ If the petitioner is arguing a direct error of prosecutorial misconduct, the Court finds that the petitioner has not overcome the procedural requirements of cause and prejudice set forth in *United States v. Frady,* 456 U.S. at 170, 102 S.Ct. 1584. If the Court allows the petitioner's reply to recast his claim, then petitioner is

arguing that his attorney was ineffective for failing to object to government misconduct. The Court finds that Drew was not ineffective. In fact, Drew engaged in an extensive cross-examination of Short, in an attempt to impeach his testimony regarding the location of the drugs. *See* Tr. 2/25/94 at 124–130. Furthermore, Drew presented Detective Byron Wallace, who testified that he observed drugs underneath the passenger seat. The fact that Drew did not take the additional step of objecting to Short's testimony on the allegation of prosecutorial misconduct does not make Drew's performance ineffective.

## IV. Post-offense rehabilitation downward departure

Under *United States v. Rhodes,* the Court has the discretion to "consider post-conviction rehabilitation at resentencing." 145 F.3d 1375, 1379 (D.C.Cir.1998). To depart on this basis, the Court must find that the defendant's rehabilitative efforts exist "to such an exceptional degree that the situation cannot be considered typical of those circumstances in which the acceptance of responsibility adjustment is granted." *Rhodes,* 145 F.3d at 1383 (internal quotations omitted).

While the Court commends petitioner on his motivation and diligence in completing various educational programs, the Court need not reach the question of whether his efforts rise to such an exceptional degree as to be considered atypical, because the Court has not found that resentencing is necessary. *See United States v. Core,* 125 F.3d 74, 75 (2d Cir.1997) ("[N]othing in the pertinent statutes or the Sentencing Guidelines that prevents a sentencing judge from considering post-conviction rehabilitation in prison as a basis for departure *if resentencing becomes necessary.*") (emphasis added). The Court denies petitioner's motion for a downward departure. Accordingly, it hereby is

ORDERED, that petitioner's motion for leave to amend movant's Section 2255 Motion is granted. It hereby further is

ORDERED, that petitioner's motion requesting to stay the district court's judgment on defendant's pending 2255 motion is granted. It hereby further is

ORDERED, that petitioner's § 2255 motion is denied. It hereby further is

ORDERED, that petitioner's motion requesting post-offense rehabilitation downward departure is denied.

SO ORDERED.